UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **SCOTT FINEMAN, an individual; MOHAMMED WAQAS MALIK, an individual; CRISTIAN SILVA, an individual; and JAMES MCGRIFF, an individual.**<br><br>*Individually and on Behalf of All Others Similarly Situated,*<br><br>Plaintiffs,<br><br>v.<br><br>**FERRAGAMO USA Inc., a New York corporation; S-FER INTERNATIONAL INCORPORATED, a New York corporation; SATOR REALTY INC., a New York corporation; SAKS FIFTH AVENUE LLC, a Massachusetts limited liability company; and THE NEIMAN MARCUS GROUP LLC, a Delaware limited liability company.**<br><br>Defendants. | CASE NO: 9:22-cv-81923-AMC<br><br>**CLASS ACTION** |

**AMENDED CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND**

Plaintiffs SCOTT FINEMAN ("Fineman"), MOHAMMED WAQAS MALIK ("Malik"), CRISTIAN SILVA ("Silva"), and JAMES MCGRIFF ("McGriff") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

1

## I.   INTRODUCTION

1. This is a nationwide class action seeking monetary damages, restitution, injunctive and declaratory relief from Defendants FERRAGAMO USA INC. ("Ferragamo USA"), S-FER INTERNATIONAL INCORPORATED ("S-FER"), SATOR REALTY INC. ("Sator"), SAKS FIFTH AVENUE LLC ("SFA"), and THE NEIMAN MARCUS GROUP LLC ("Neiman Marcus") (collectively "Defendants"), arising from their advertising, marketing, and sale of purportedly high quality, "luxury" designer belts and belt buckles which quickly become worthless for their intended purpose as fashion accessories, due to a defect in the buckle design and/or manufacture.

2. Defendants Ferragamo USA and its subsidiaries S-FER and Sator are part of the Salvatore Ferragamo Group, whose parent company Salvatore Ferragamo S.p.A. designs, manufactures, and distributes a collection of designer belts which include a "signature" metal buckle (the "Ferragamo Belt Buckles.") The Ferragamo Belt Buckles can be purchased both as part of a belt and on their own.

3. Ferragamo USA distributes and promotes the Ferragamo Belt Buckles throughout the United States and sells the Ferragamo Belt Buckles through retail stores operated by its subsidiaries S-FER and Sator, as well as through retail partners, including Defendants SFA and Neiman Marcus. Belts which include the Ferragamo Belt Buckles are regularly sold for many hundreds of dollars, and the Belt Buckles themselves are listed by Ferragamo's website as selling for nearly $300.

4. To justify these significant prices, the Defendants market both the supposed superior quality and luxury status of the Ferragamo Belt Buckles. For example, Ferragamo USA's parent company boasts on its website that "Ferragamo's exclusive features of **craftsmanship, quality of materials**, elegance and functionality take the shape of a vast collection of belts [sic] designs, merging **elegant buckles** and **high-end materials**, for a contemporary look **that speaks understated luxury**."[1] (emphasis added). A website operated by SFA's sister entity Saks.com LLC and marketing SFA's stores identifies Ferragamo as "the standard of classic Italian elegance and **legendary craftsmanship** …."[2] (emphasis added). And Neiman Marcus' website describes Ferragamo as "**synonymous with premium luxury goods**, such as handbags, accessories, jewelry, timepieces, eyewear, and fragrances … Beyond bags, Salvatore Ferragamo offers a number of luxury accessories, including slim leather belts **with the iconic Gancini buckle**, silk printed scarves, and chic sunglasses."[3] (emphasis added).

---

[1] https://www.ferragamo.com/shop/us/en/men/wallets-small-leather-goods/belts-man.

[2] https://www.saksfifthavenue.com/brand/salvatore-ferragamo?site_refer=360i+G+TR&kw_refer=$G_Saks_Trademark_Designer+Terms_New+Customers_BMM$G_Saks_Trademark_Designer+Terms_Ferragamo_BMM$ferragamo+saks&gclid=Cj0KCQiAsdKbBhDHARIsANJ6-jf5lIwcXhtoY2xz0arTjZad_qkeD4hvSyQCC1nyoP5TB6tT2KOGckIaAv0qEALw_wcB&gclsrc=aw.ds

[3] https://www.neimanmarcus.com/c/designers-salvatore-ferragamo-cat43330758?navpath=cat000730_cat65280767_cat000488_cat43330758&source=leftNav

5. In fact, the Ferragamo Belt Buckles are defectively manufactured and/or designed, such that the "iconic" metal buckle quickly becomes discolored and/or tarnished, rendering it unsightly, aesthetically unappealing, and ultimately useless for its intended purpose of providing a "luxurious" fashion accessory:





6. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure to redress Defendants' failure to disclose and provide adequate

warning to their customers that the Ferragamo Belt Buckles are defective and unfit for their ordinary and intended use, and for their sale of the defective "luxury" goods to unwitting consumers.

## II. THE PARTIES

7. Plaintiff Fineman is an adult resident of the state of Florida who resides in Royal Palm Beach, Palm Beach County.

8. Plaintiff Malik is an adult resident of the state of Florida who resides in Naples, Collier County.

9. Plaintiff Silva is an adult resident of the state of Florida who resides in North Miami Beach, Miami-Dade County.

10. Plaintiff McGriff is an adult resident of the state of Florida who resides in Deerfield Beach, Broward County.

11. Plaintiffs are informed and believe and thereon allege that Defendant Ferragamo USA is a New York corporation with its principal place of business at 663 Fifth Avenue, New York, New York. Plaintiffs are informed and believe and thereon allege that Defendants S-FER and Sator are subsidiaries of Ferragamo USA, and also organized as New York corporations with their principal place of business at 663 Fifth Avenue, New York, New York. Ferragamo USA conducts extensive business throughout the United States where it distributes, promotes and sells its products to consumers through brick-and-mortar retail stores directly managed by S-FER and Sator, including seven stores located in Florida.

12. Plaintiffs are informed and believe and thereon allege that Defendant SFA is a Massachusetts limited liability company with its principal place of business at 225 Liberty Street, 31st Floor, New York, New York. SFA owns and operates several dozen large retail stores throughout the United States and Canada, including eight locations in Florida.

13. Plaintiffs are informed and believe and thereon allege that Defendant Neiman Marcus is a Delaware limited liability company with its principal place of business at One Marcus Square, 1618 Main Street, Dallas, Texas. Neiman Marcus owns and operates several dozen large retail stores in the United States, including five stores in Florida.

### III. JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332(d)(2) and (6) because (i) the aggregate amount in controversy exceeds $5,000,000.00 exclusive of interest and costs, and (ii) there is minimal diversity because members of the proposed Class (including Plaintiffs) are citizens of a State different from that of any Defendant.

15. This Court has personal jurisdiction over Defendants by virtue of their doing substantial business in this Judicial District, including the operation of multiple brick and mortar retail locations in the District.

16. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391. Defendants conducted, and continue to conduct, business in this District, and a substantial part of the acts and omissions giving rise to the claims occurred, at least

in part, within this District. Defendants market, advertise, and sell the defective products and otherwise conduct extensive business within this District.

## IV. FACTUAL ALLEGATIONS

### A. Facts Relevant to All Claims and Parties:

17. As alleged above, Defendants represent to the public that the Ferragamo Belt Buckles – which are sold for hundreds of dollars on their own and as a key component of belts which sell for even more – are high quality fashion accessories, fit for such purposes. Thus, Defendants are impliedly warranting that the Ferragamo Belt Buckles are suitable for regular and expected use as a fashion accessory.

18. The Ferragamo Belt Buckles, however, are unfit for such use, because their metal buckles quickly become discolored and/or tarnished, ruining the aesthetic purpose behind purchasing such a purportedly "high quality" designer accessory. This discoloration and/or tarnishing occurs regardless of the way in which customers use and care for the Belt Buckles and cannot be blamed on the consumers – it is a defect in the design or manufacturing of the Belt Buckles themselves.

19. Moreover, customers who purchased the defective Ferragamo Belt Buckles have no easy option to either receive a full refund or an exchange once the defect becomes apparent. Instead, Defendants typically require Plaintiffs to pay even more money to replace the defective Ferragamo Belt Buckles.

B. **Facts Specific to Plaintiffs:**

20. Fineman is a resident of Royal Palm Beach, Florida. In or about early-to-mid 2021, Fineman purchased a Ferragamo Belt Buckle as part of a belt from a retail store in Aventura, Florida, managed by Ferragamo USA through its subsidiaries S-FER and/or Sator. Within approximately four months of the purchase, the Belt Buckle began showing obvious discoloration and/or tarnishing of the Belt Buckle's metal.

21. Malik is a resident of Naples, Florida. In or about late 2020, Malik purchased a Ferragamo Belt Buckle as part of a belt from SFA's retail store in Naples, Florida. Within approximately one year of the purchase, the Belt Buckle began showing obvious discoloration and/or tarnishing of the Belt Buckle's metal.

22. Silva is a resident of North Miami Beach, Florida. In or about 2020, Silva purchased a Ferragamo Belt Buckle as part of a belt from a retail store in Aventura, Florida, managed by Ferragamo USA through its subsidiaries S-FER and/or Sator. Within approximately six months of the purchase, the Belt Buckle began showing obvious discoloration and/or tarnishing of the Belt Buckle's metal.

23. McGriff is a resident of Deerfield Beach, Florida. In or about late 2020, McGriff purchased a Ferragamo Belt Buckle as part of a belt from Neiman Marcus' retail store in Doral, Florida. Despite never even wearing the belt, the Belt Buckle still began showing obvious discoloration and/or tarnishing of the Belt Buckle's metal.

### C. Facts Common to All Class Members:

24. Unfortunately, Plaintiffs are not uniquely situated. The claims of the proposed Class all derive from Defendants' sale of the defective Ferragamo Belt Buckles and deceptive advertising concerning the purported quality of such goods.

25. Defendants engaged in uniform and standardized conduct toward the proposed Class. They did not differentiate, in degree of care or candor, in their actions or inactions, or in the content of their statements or omissions, among individual Class members.

26. The relevant, objective facts on these subjects are the same for all Class members.

27. Accordingly, Plaintiffs bring this lawsuit as a class action on their own behalf, and on behalf of all other persons similarly situated, as members of the proposed Class identified below, pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and/or (c)(4).

28. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these provisions as described below.

### V. CLASS ACTION ALLEGATIONS (LR 23.1):

29. Pursuant to Federal Rule of Civil Procedure 23 and Local Rule 23.1, Plaintiffs bring this class action individually and on behalf of the following proposed nationwide class of persons (the "Class"), initially defined as all persons or entities in the United States who made retail purchases of one or more Ferragamo Belt

Buckles, either alone or as part of a belt, from a physical retail store operated by one of the Defendants, where such purchase occurred during the period between four years prior to the filing of this action and the date of the final disposition of this action, and/or such subclasses as the Court may deem appropriate (the "Class").

30. The Class does not include Defendants; any affiliate, parent or subsidiary of any of the Defendants; any entity in which any of the Defendants has a controlling interest; any officer, director or employee of any of the Defendants; any successor or assign of any of the Defendants; Plaintiffs' counsel or anyone employed by Plaintiffs' counsel in this action and their immediate families; any judge to whom this case is assigned and any member of their immediate family and staff; governmental entities; or individuals who have personal injury claims as a result of conduct and/or defects alleged herein.

31. Plaintiffs reserve the right to amend or supplement the Class descriptions with greater specificity or further division into subclasses or limitation to certain issues, after conducting discovery in this matter.

32. Plaintiffs also reserve the right to amend or supplement the definition of the Ferragamo Belt Buckles to, e.g., include additional products with similar defects, after conducting discovery in this matter.

33. **Numerosity of the Class** – The members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe that Defendants sold thousands of the Ferragamo Belt Buckles during the

10

relevant time period. Disposition of the claims in a class action context will provide substantial benefits to the parties and the Court.

  34. **Commonality and Predominance** – Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members, as is required by Fed. R. Civ. P. 23(a)(2) and (b)(3). These common questions include, but are not limited to:

  a. Whether the Ferragamo Belt Buckles are defectively designed or manufactured;

  b. Whether such defects constitute a breach of the implied warranties inherent in the sale of such products;

  c. Whether Defendants are merchants with respect to goods of the kind of the Ferragamo Belt Buckles.

  d. Whether Defendants made misleading or fraudulent representations regarding the quality of the Ferragamo Belt Buckles to consumers;

  e. Whether Defendants were unjustly enriched by their sale of the Ferragamo Belt Buckles to consumers;

  f. Whether Plaintiffs and Class members suffered out-of-pocket losses as a result of Defendants' actions and/or inactions alleged herein;

  g. Whether Plaintiffs and Class members are entitled to damages and monetary relief and, if so, in what amount; and

    h. Whether a declaration and/or injunction is appropriate to prevent Defendants from making future false or misleading representations regarding the Ferragamo Belt Buckles.

35. **Typicality** – The claims of the representative Plaintiffs are typical of the claims of each member of the Class, thus satisfying Fed. R. Civ. P. 23(a)(3). Plaintiffs, like all other members of the Class, sustained damages arising from Defendants' breaches of the implied warranty in the Ferragamo Belt Buckles, from Defendants' misleading or fraudulent statements regarding the quality of the Ferragamo Belt Buckles, and from Defendants' unjust enrichment, as alleged herein. The representative Plaintiffs and the members of the Class were and are similarly or identically harmed by the same misconduct engaged in by Defendants. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of all other members of the Class.

36. **Adequacy** – The representative Plaintiffs will fairly and adequately represent and protect the interests of the Class members and have retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation, thus satisfying Fed. R. Civ. P. 23(a)(4). There are no material conflicts between the claims of the representative Plaintiffs and the members of the Class that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

37. **Superiority** – This suit may be maintained as a class action under Fed. R. Civ. P. 23(b)(3), because a class action is superior to any other available

means for the fair and efficient adjudication of this dispute and no unusual difficulties are likely to be encountered in the management of this class action. The damages suffered by individual Class members are small in comparison to the burden and expense of individually litigating each claim. Further, it would be virtually impossible for the Class members to individually redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from the legal and factual issues of the case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

38. **Ascertainability**: Upon information and belief, the precise number of Class members may be ascertained from Defendants' sales records. Plaintiffs contemplate the eventual issuance of notice to the proposed Class members setting forth the nature of the instant action. Upon information and belief, Class members may be notified of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, social media, and published notices, in addition to Defendants' business records.

## VI. CLAIMS FOR RELIEF:

**COUNT ONE**
**Breach of the Implied Warranty of Merchantability**
**(Against Defendants Ferragamo USA, S-FER and Sator)**

39. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 38 as though fully stated herein.

40. Plaintiffs Fineman and Silva assert this claim on behalf of themselves and all members of the Class who purchased a Ferragamo Belt Buckle, either alone or as part of a belt, from physical retail stores managed by Ferragamo USA through its subsidiaries S-FER and/or Sator, whether in Florida or in any other state having similar laws regarding the breach of implied warranty.

41. Ferragamo USA, S-FER and Sator are merchants with respect to goods of the kind of the Ferragamo Belt Buckles.

42. The Ferragamo Belt Buckles sold to Fineman, Silva and the above-described members of the Class violated the implied warranty of merchantability. Because of the above-described defect, they are not merchantable and not fit for the ordinary purposes for which such goods are used, i.e., as a luxury fashion accessory.

43. As a direct and proximate result of Ferragamo USA's, S-FER's and Sator's breaches of the implied warranty, Fineman, Silva and the above-described members of the Class received goods whose latent defect substantially impairs their value to consumers such as themselves.

44. Fineman, Silva and the above-described members of the Class were unaware of this defect and reasonably could not have discovered it before they purchased their Ferragamo Belt Buckles.

45. Fineman, Silva and the above-described members of the Class seek damages based on the diminished value of their Ferragamo Belt Buckles as a result of this latent and material defect, and all other damages allowable under law.

## COUNT TWO
### Breach of the Implied Warranty of Merchantability
### (Against Defendant SFA)

46. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 38 as though fully stated herein.

47. Plaintiff Malik asserts this claim on behalf of himself and all members of the Class who purchased a Ferragamo Belt Buckle, either alone or as part of a belt, from SFA's retail stores, whether in Florida or in any other state having similar laws regarding the breach of implied warranty.

48. SFA is a merchant with respect to goods of the kind of the Ferragamo Belt Buckles.

49. The Ferragamo Belt Buckles sold to Malik and the above-described members of the Class violated SFA's implied warranty of merchantability. Because of the above-described defect, they are not merchantable and not fit for the ordinary purposes for which such goods are used, i.e., as a luxury fashion accessory.

50. As a direct and proximate result of SFA's breach of the implied warranty, Malik and the above-described members of the Class received goods

whose latent defect substantially impairs their value to consumers such as themselves.

51. Malik and the above-described members of the Class were unaware of this defect and reasonably could not have discovered it before they purchased their Ferragamo Belt Buckles.

52. Malik and the above-described members of the Class seek damages based on the diminished value of their Ferragamo Belt Buckles as a result of this latent and material defect, and all other damages allowable under law.

### COUNT THREE
**Breach of the Implied Warranty of Merchantability**
**(Against Defendant Nieman Marcus)**

53. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 38 as though fully stated herein.

54. Plaintiff McGriff asserts this claim on behalf of himself and all members of the Class who purchased a Ferragamo Belt Buckle, either alone or as part of a belt, from Nieman Marcus' retail stores, whether in Florida or in any other state having similar laws regarding the breach of implied warranty.

55. Nieman Marcus is a merchant with respect to goods of the kind of the Ferragamo Belt Buckles.

56. The Ferragamo Belt Buckles sold to McGriff and the above-described members of the Class violated Nieman Marcus' implied warranty of merchantability. Because of the above-described defect, they are not merchantable

16

and not fit for the ordinary purposes for which such goods are used, i.e., as a luxury fashion accessory.

57. As a direct and proximate result of Nieman Marcus' breach of the implied warranty, McGriff and the above-described members of the Class received goods whose latent defect substantially impairs their value to consumers such as themselves.

58. McGriff and the above-described members of the Class were unaware of this defect and reasonably could not have discovered it before they purchased their Ferragamo Belt Buckles.

59. McGriff and the above-described members of the Class seek damages based on the diminished value of their Ferragamo Belt Buckles as a result of this latent and material defect, and all other damages allowable under law.

## COUNT FOUR
### In the Alternative, Unjust Enrichment
### (Against All Defendants)

60. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 38 as though fully stated herein. Plaintiffs plead this count in the alternative should Plaintiffs' statutory claims fail or be dismissed.

61. Plaintiffs assert this claim on behalf of themselves and all Class members nationwide.

62. Defendants knew or reasonably should have known of the defect in the Ferragamo Belt Buckles but failed to disclose the defect to Plaintiffs and the Class either at or before the time of purchase.

63. Plaintiffs and the Class conferred upon Defendants payment for these products, which were benefits that were clearly non-gratuitous. They did so without knowledge of the defects affecting the products, which rendered them effectively useless for their purpose as a luxury fashion accessory.

64. Defendants appreciated, accepted and retained the non-gratuitous benefits conferred by Plaintiffs and the Class despite the defects in the Ferragamo Belt Buckles. Retaining the non-gratuitous benefits conferred upon Defendants by Plaintiffs and the Class under these circumstances is unjust and inequitable, and Defendants should pay restitution.

## COUNT FIVE
**Florida Unfair and Deceptive Trade Practices Act**
**(Against All Defendants)**

65. Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 38 as though fully stated herein.

66. Plaintiffs assert this claim on behalf of themselves and all Class members who are residents of Florida.

67. The Florida Unfair and Deceptive Trade Practices Act ("FUDTPA") prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the state.

68. Defendants materially misrepresented the quality of the Ferragamo Belt Buckles, including by failing to disclose the latent defect which would quickly render the products useless as luxury, designer fashion accessories.

69. Defendants' material misrepresentations and omissions were made in the course of their respective businesses.

70. Defendants' actions and/or inactions directly injured Plaintiffs and the Class, as described herein.

71. Plaintiffs and the above-described members of the Class seek to recover all permitted damages and their attorneys' fees caused by Defendants' violations of the FUDTPA.

## VII. PRAYER FOR RELIEF:

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for a judgment against Defendants as follows:

A. For an order certifying the Class, appointing Plaintiffs as Representatives of the Class, and appointing the undersigned law firms as counsel for the Class;

B. For compensatory damages to the extent permitted by law in an amount to be proven at trial;

C. For an order requiring Defendants to disgorge all profits, benefits, and other compensation they obtained from the sale of these defective products, including actual damages, and to pay restitution to Plaintiffs and the Class;

D. For an order declaring, adjudging, and decreeing the conduct of the Defendants as alleged herein to be unlawful, unfair and/or deceptive, and enjoining any such future conduct;

E. For payment of Plaintiffs' costs and expenses of suit herein incurred including reasonable attorneys' fees as permitted by law;

F. Both pre-and post-judgment interest on any amounts awarded; and

G. Such other and further relief as the Court may deem proper.

## VIII. DEMAND FOR JURY TRIAL:

Plaintiffs and the Class hereby demand trial by jury of all issues triable by right.

Dated: December 16, 2022

Respectfully submitted,

*/s/ Marcus W. Corwin, Esq.*
Marcus W. Corwin, Esq. (Bar #764647)
MARCUS W. CORWIN, P.A. d/b/a CORWIN LAW
6501 Congress Avenue, Suite 100
Boca Raton, FL 33487
Telephone: 561.482.3636
Facsimile: 561.482.5414
mcorwin@corwinlawfirm.com

Jeffrey C. Schneider, Esq. (Bar #933244)
Victor Petrescu, Esq. (Bar #85268)
LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
100 SE 2nd Street, 36th Floor
Miami, FL 33131
Telephone: 305.403.8788
Facsimile: 305.403.8789
jcs@lklsg.com
vp@lklsg.com

*Attorneys for Plaintiffs and the Proposed Class*